Liberty Mutual Ins. Co. v. Goldman, Sachs & Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand thirteen.

PRESENT:
        DENNIS JACOBS,
                *Chief Judge*,
        ROBERT D. SACK,
                *Circuit Judge*,
        JED S. RAKOFF,[*]
                *District Judge*.

- - - - - - - - - - - - - - - - - - - -X

IN RE: FANNIE MAE 2008 SECURITIES LITIGATION      12-3859

- - - - - - - - - - - - - - - - - - - -X

JOHN A GENOVESE, ROBERT M. ROLLINS, NICHOLAS CRISAFI, STELLA CRISAFI, FOGEL CAPITAL

_____

[*]Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

MANAGEMENT, INC., DENNIS SANDMAN, KAREN ORKIN, ANTHONY ESPOSITO, FRANK MCALONAN, WILLIAM R. WHITE, STEVE LATIMER, BRIAN JARMAIN, MALKA KRAUSZ, DONALD W. MCCAULEY, DAVID L. FRANKFURT, FRANKFURT FAMILY LTD., THE DAVID FRANKFURT 2000 FAMILY TRUST, THE DAVID FRANKFURT 2002 FAMILY TRUST, CHERYL STRONG, WILLIAM BERMAN, STEPHEN H. SCHWEITZER, LINDA P. SCHWEITZER, LYNN WILLIAMS, STEVEANN WILLIAMS, SUSAN KRAUS, PHILLIP MELTON, DANIEL KRAMER, DAVID GWYER, COMPREHENSIVE INVESTMENT SERVICES, INC., MARY P. MOORE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATION, EDWARD SMITH,

**Plaintiffs**,

LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, PEERLESS INSURANCE COMPANY, SAFECO CORPORATION, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

**Plaintiffs-Appellants**,

v.

STEPHEN B. ASHLEY, DANIEL H. MUDD, STEPHEN M. SWAD, ROBERT, J. LEVIN, LEHMAN BROTHERS, INC., J.P. MORGAN SECURITIES INC., CITIGROUP GLOBAL MARKET INC., MERRILL LYNCH, PIERCE FENNER & SMITH INCORPORATED, MORGAN STANLEY & CO., INCORPORATED, UBS SECURITIES LLC, WACHOVIA CAPITAL MARKETS LLC, WASHINGTON MUTUAL BANK, FA, FEDERAL NATIONAL HOME MORTGAGE ASSOCIATION, DENNIS BERESFORD, DENNIS BERESFORD, LOUIS FREEH, BRENDA GAINES, FREDERICK B. HARVEY, III, DAVID HISEY, KAREN HORN, BRIDGET MACASKILL, PETER NICULESCU, LESLIE RAHL, JOHN SITES, JR., GREG SMITH, H. PATRICK SWYGERT, JOHN WULFF, BANC OF AMERICA SECURITIES LLC,

BARCLAYS CAPITAL INC., DEUTSCHE BANK
SECURITIES INC., FTN FINANCIAL SECURITIES
CORP., WELLS FARGO SECURITIES LLC, BEAR
STEARNS & CO., INC., FEDERAL NATIONAL
MORTGAGE ASSOCIATION, AKAK FANNIE MAE,
FITCH RATINGS, MOODY'S INVESTORS SERVICE,
INC., HERBERT M. ALLISON, DAVID C. BENSON,
BRIAN COBB, JUDITH C. DUNN, JOHN DOES, 1 -
10, LINDA K. KNIGHT, ANTHONY F. MARRA,
BRIAN P. MCQUAID, ANNE F. PANKAU, DAVID
H. SIDWELL, BETTY THOMPSON, CHRISTINA A.
WOLF, ROBERT T. BLAKELY, ENRICO
DALLAVECCHIA, JPMORGAN CHASE & CO., FANNIE
MAE,
      **Defendants**,

GOLDMAN, SACHS & CO.,
      **Defendant-Appellee**.

- - - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:        JAMES R. SAFLEY, Robins, Caplin,
                              Miller & Ciresi L.L.P, Minneapolis,
                              Minnesota (Christopher P. Sullivan,
                              Thomas B. Hatch, Robins, Caplin,
                              Miller & Ciresi L.L.P, Boston,
                              Massachusetts, on the brief).

FOR APPELLEE:         JONATHAN K. YOUNGWOOD, Simpson
                              Thacher & Bartlett LLP, New York,
                              New York (Craig S. Waldman, Shannon
                              Price Torres, Simpson Thacher &
                              Bartlett LLP, New York, New York,
                              on the brief).

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Liberty Mutual Insurance Company ("Liberty")[1] appeals from a judgment of the United States District Court for the Southern District of New York (Crotty, J.) dismissing its Second Amended Complaint for failure to state a claim upon which relief may be granted. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). See In re Citigroup ERISA Litig., 662 F.3d 128, 135 (2d Cir. 2011).

Liberty sues Goldman, Sachs & Co. ("Goldman") for its conduct as lead underwriter of certain stock offerings made by the Federal National Mortgage Association ("Fannie Mae") in September and December 2007, transactions which resulted in Liberty's loss of $62.5 million. According to the complaint, Goldman drafted and disseminated offering documents falsely representing that Fannie Mae's capital exceeded statutory and regulatory requirements, and failed to disclose that Fannie Mae had inadequate write-downs and loss reserves for its exposure to approximately $700 billion in risky subprime and Alt-A mortgages. Liberty alleges violations of Rule 10b-5 of the Securities Exchange Act of 1934, the Massachusetts and Washington securities acts, and the Massachusetts and Washington unfair and deceptive trade practices statutes, as well as common law fraud and negligent misrepresentation. The district court concluded that all seven of Liberty's claims failed because, inter alia, Liberty had not alleged an actionable misstatement or omission.[2] We agree.

Liberty's claims rely principally on Fannie Mae's 2008 Form 10-K, which increased write-downs and loan loss reserves by billions of dollars over previous years. Had Fannie Mae taken these write-downs and set aside these

---

[1] "Liberty" refers to all five appellants: Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Peerless Insurance Company, Safeco Corporation, and Liberty Life Assurance Company of Boston.

[2] Liberty does not appeal the district court's dismissal of its 10b-5 claim (Count I).

4

loss reserves earlier (i.e., prior to Liberty's investment), it is alleged that the company would not have met its statutory and regulatory core capital requirements, could not have paid any dividends, and therefore could not have attracted investors.

This is a classic example of pleading fraud by hindsight: the "plaintiff has simply seized upon disclosures made in later . . . reports and alleged that they should have been made in earlier ones." Denny v. Barber, 576 F.2d 465, 470 (2d Cir. 1978) (Friendly, J.). While "greater clairvoyance" might have led Fannie Mae to record write-downs earlier, "failure to make such perceptions does not constitute fraud." Id.; see also Acito v. IMCERA Grp., Inc., 47 F.3d 47, 53 (2d Cir. 1995). Courts have consistently rejected such claims. See, e.g., NECA-IBEW Pension Trust Fund v. Bank of Am. Corp., No. 10 Civ. 440 (LAK) (HBP), 2012 WL 3191860, at *13 (S.D.N.Y. Feb. 9, 2012) (Pitman, M.J.) ("[T]he mere fact that BAC's writedowns subsequently turned out to be insufficient--or were substantially smaller than the write-downs taken by industry peers with 'similar' portfolios--would not render those figures false at the time that they were publicly filed with the SEC.") (footnote and citations omitted); Plumbers & Steamfitters Local 773 Pension Fund v. Can. Imperial Bank of Commerce, 694 F. Supp. 2d 287, 301 (S.D.N.Y. 2010) (dismissing claim that defendant "should have recorded much larger write-downs earlier than it did").

To be sure, this does not mean that subsequent facts and circumstances cannot lend support to a claim that a prior allegedly fraudulent statement was false at the time it was made. After all, "fraud claims by their very nature involve self-concealing conduct," S.E.C. v. Gabelli, 653 F.3d 49, 59 (2d Cir. 2011), rev'd on other grounds, 133 S. Ct. 1216 (2013), and thus are always uncovered only after the fact. For this reason, we have, in appropriate circumstances, relied on subsequent events to infer a plausible claim for fraud. See, e.g., Novak v. Kasaks, 216 F.3d 300, 312-13 (2d Cir. 2000) ("[T]he complaint provides specific facts concerning the Company's significant write-off of inventory directly following the Class Period, which tends to support the plaintiffs'

contention that inventory was seriously overvalued at the time the purportedly misleading statements were made."); <u>Rothman v. Gregor</u>, 220 F.3d 81, 92 (2d Cir. 2000) ("[W]e deem significant the amount of the write-off [the defendant company] eventually did take . . . .").

In this case, however, the representations regarding Fannie Mae's core capital necessarily incorporated imperfect business judgments and predictions about the future, which later proved mistaken.  Given the market turmoil that intervened in time between the alleged misrepresentations and Fannie Mae's subsequent write-downs and loss reserve increases, any inference we might draw based on those subsequent events is attenuated.  Without more, we cannot conclude that plaintiffs have plausibly pled that the predictive judgments that informed the core capital representations were so flawed when made as to amount to fraud.

Finding no merit in Liberty's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK